**Henry J. TURNER, Plaintiff,**

**v.**

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 60–411.**

United States District Court
D. Oregon.
June 8, 1964.

Sidney I. Lezak, Acting U. S. Atty., Portland, Or., for the United States.

Jerard S. Weigler, of Krause, Lindsay & Nahstoll, Portland, Or., for defendant.

SOLOMON, Chief Judge:

Henry J. Turner, plaintiff, seeks to set aside a determination by the defendant Secretary of Health, Education and Welfare (Secretary) that plaintiff is not entitled to a period of disability or to disability insurance benefits under Sections 216(1) and 223(a) of the Social Security Act (Act). 42 U.S.C.A. §§ 416(1) and 423(a).

Plaintiff was struck across the face by a falling vined maple on June 17, 1954. He underwent treatment and operations to correct an injury to his nasal passage caused by the blow. After a few months' convalescence, plaintiff resumed his occupation as a self-employed logger. He claims that numerous symptoms including dizziness, headaches, faulty vision, and fatigue forced him to discontinue his occupation in September, 1958. He has been essentially unemployed since that time.

In January, 1959, plaintiff applied for Social Security benefits. In May, 1960, he was notified that the hearing examiner denied his application. In September, 1960, this decision was affirmed by the Appeals Council of the Social Security Administration. Thereafter, plaintiff filed an action in this Court. On plaintiff's motion, the case was remanded to the Secretary for the purpose of taking additional evidence. On January 18, 1963, a new hearing examiner denied plaintiff's application. The Appeals Council affirmed that decision. This second denial of benefits forms the basis of the present action.

The Secretary found no medically determinable physical or mental impairment sufficiently severe to disable plaintiff from engaging in substantial gainful activity. The finding of the Secretary as to any fact, if supported by substantial evidence, is conclusive. 42 U.S. C.A. § 405(g). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1934).

There is no question about the Secretary's finding that plaintiff is not disabled by reason of a medically determinable physical impairment. There is substantial evidence that plaintiff is physically capable of employment and that his subjective symptoms have no basis in objective physical medical findings.

There is much evidence that plaintiff is suffering from a medically determinable mental impairment and no evidence to the contrary. As early as June, 1956, Dr. Edward K. Kloos, a neurologist reporting to the Oregon State Industrial Accident Commission, noted "considerable emotional instability" and recommended that plaintiff be put under the care of a psychiatrist. In September, 1958, Dr. F. S. Salisbury, a neuropsychiatrist examining for the Veterans' Administration, reported that plaintiff was suffering from a "[C]hronic brain syndrome, associated with brain trauma, with severe encephalology, and vertigo, and some regression." On the basis of this and residual physical findings, the Veterans' Administration

awarded plaintiff a complete disability pension.

After the original filing of this action, Dr. Henry H. Dixon, Jr., a psychiatrist, diagnosed plaintiff's difficulty as a "depressive reaction, and so-called post-traumatic cerebral syndrome." Another psychiatrist, Dr. John L. Butler, found in plaintiff a "passive-aggressive personality pattern, passive-aggressive type, over which there has been superimposed a psychophysiologic nervous system reaction." Numerous lay witnesses testified that plaintiff had undergone a significant change of personality since the time of his accident.

The question is whether there is evidence to show that plaintiff is capable of engaging in substantial gainful activity. It is not necessary for plaintiff to prove that he is totally incapable of doing any type of work under any circumstances, nor is it necessary to prove himself so mentally impaired that he must be institutionalized or that he is unable to comprehend the nature of the world around him.

The State Industrial Accident Commission would not insure him because of this disability. As a result, he was denied an opportunity to work in the woods. The State Division of Vocational Rehabilitation found him unsuitable for retraining and was unable to help him secure employment.

Dr. Butler found plaintiff's mental impairment sufficiently severe to conclude that plaintiff's chances of ever attaining employment status were highly doubtful. Dr. Butler believed that psychotherapy was not feasible and he recommended against the use of drugs. He described as "poor indeed" plaintiff's chance of adjusting to an ordinary work situation, even if he were freed of his subjective symptoms of pain and dizziness. Although Dr. Dixon stated that he could not evaluate plaintiff as totally disabled until an attempt at psychiatric treatment was made, the State Division of Vocational Rehabilitation refused to give plaintiff psychiatric treatment because of the unlikelihood that treatment would improve his chances for employment. With all this evidence of plaintiff's mental incapacity to succeed at remunerative employment, and no substantial evidence to the contrary, I find that the Secretary erred in failing to find as a matter of law that plaintiff's condition was a medically determinable mental impairment disabling him from engaging in substantial gainful activity.

This case has been before the Secretary on two prior occasions. No useful purpose would be served to return it to him again. Therefore, under the authority of 42 U.S.C.A. § 405(g), the order of the Secretary denying plaintiff disability insurance benefits under Sections 216(1) and 223(a) of the Act is reversed and a judgment in favor of the plaintiff shall be entered. Clifton v. Celebrezze, (N.D.Texas 1964) 228 F. Supp. 251.

This opinion will serve as findings of fact and conclusions of law under Rule 52(a), Fed.R.Civ.P. The parties may suggest additional findings within ten days.